UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------- X

SAFAH NOFAL,

                   Plaintiff,     **FIRST AMENDED COMPLAINT**

          -against-           10-cv-3262 (KAM)(JMA)

THE CITY OF NEW YORK; SGT. MATTHEW BOMPAROLA,
SHIELD # 4435; P.O. YURIY AKOPOV, SHIELD #     ECF Case
19909; P.O. DARRYL FONTAINE, SHIELD # 9186;
P.O. CHRISTOPHER IANNO, SHIELD # 13581; SGT.    <u>Jury Trial Demanded</u>
MONYA COATS, SHIELD # 2243; the individual
defendant(s) sued individually and in their
official capacities,

                  Defendants.

--------------------------------------------- X

<u>**PRELIMINARY STATEMENT**</u>

       1.    This is a civil rights, common law, and tort action in
which plaintiff seeks relief for the violation of plaintiff's rights
secured by 42 U.S.C. §§ 1983 and 1985(3); and the First, Fourth,
Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution; and the laws of the State of New York.  Plaintiff's
claims arise from incidents that arose on or about May 30, 2009.
During the incidents, the City of New York, and members of the New
York City Police Department ("NYPD") subjected plaintiff to, among
other things, excessive force, assault and battery, retaliation for
free speech, false arrest, abuse of process, conspiracy, and
implementation and continuation of an unlawful municipal policy,
practice, and custom.  Plaintiff seeks compensatory and punitive
damages, declaratory relief, an award of costs and attorney's fees,

pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A Notice of claim was duly filed on defendant City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.     Plaintiff Safah Nofal is a resident of the State of New York, Kings County.

2

6.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.     Defendant Sgt. Matthew Bomparola is a New York City Police Officer, assigned Shield Number 4435 and employed with the 41st Precinct, located in Bronx, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

8.     Defendant P.O. Yuriy Akopov is a New York City Police Officer, assigned Shield Number 19909 and employed with the 63rd Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

9.     Defendant P.O. Darryl Fontaine is a New York City Police Officer, assigned Shield Number 9186 and employed with the 63rd Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

10.    Defendant P.O. Christopher Ianno is a New York City Police Officer, assigned Shield Number 13581 and employed with the 63rd Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

11.    Defendant Sgt. Monya Coats is a New York City Police Officer, assigned Shield Number 2243 and employed with the Patrol Borough Queens South Task Force, located in Queens, New York or other as yet unknown NYPD assignment who violated plaintiff's rights as described herein.

3

12.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13.    On May 30, 2009, at and in the vicinity of the Utica Avenue and Avenue M, located in Brooklyn, New York, and 63rd Precinct, Brooklyn, New York, several police officers operating from the 63rd Precinct, including upon information and belief, defendants Sgt. Matthew Bomparola, P.O. Yuriy Akopov, P.O. Darryl Fontaine, P.O. Christopher Ianno, and Sgt. Monya Coats, at times acting in concert and at times acting independently committed the following illegal acts against plaintiff.

14.    On May 30, 2009, at approximately 4:15 p.m., at and in the vicinity of Utica Avenue and Avenue M, Brooklyn, New York, plaintiff was an innocent bystander to an incident involving her husband and the defendants.

15.    At that time, plaintiff engaged in free speech by, among other things, telling the defendants that they were acting illegally, that she had not committed any crimes, and that the defendants were acting unlawfully against her.

16.    In retaliation, the individual defendants, without either consent, an arrest warrant, a valid search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime false arrested plaintiff.

17.    During the arrest of plaintiff, the individual defendants committed excessive force against plaintiff by, among other

4

things, maliciously, gratuitously, and unnecessarily grabbing plaintiff, pulling plaintiff, and throwing plaintiff to the ground causing her to be hospitalized.  Those officers who did not touch plaintiff had a duty to protect her from such illegal conduct but failed to do so.

18.   At the above-stated time and place, plaintiff was 35 weeks pregnant and informed the defendants of this fact.

19.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since she was unarmed, compliant, and did not resist arrest.

20.   Plaintiff was physically injured as a result of the excessive use of force, and was hospitalized for a period of approximately four days.

21.   To cover up their illegal conduct, the individual defendants issued plaintiff a summons for disorderly conduct.

22.   In addition, while plaintiff was at the hospital, the individual defendants, pursuant to a conspiracy, falsely and maliciously initiated a prosecution against plaintiff in order to cover up their illegal treatment of plaintiff.

23.   The individual defendants falsely told the Kings County District Attorney's Office that plaintiff had committed various crimes.

24.   Based on the defendants' false allegations, the District Attorney's Office prosecuted plaintiff under docket

5

2009SK092145, until the prosecution ended in an adjournment in contemplation of dismissal, and was eventually dismissed.

      25.   The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to investigate, use force, and search arrestees or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.

      26.   Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action.  This failure caused the defendants in the present case to injure plaintiff, violate the law, and violate the plaintiff's rights.

      27.   Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

      28.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low income neighborhoods, such as occurred here.

29.   At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

30.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

31.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

32.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

33.   The occurrence(s) and injuries sustained by plaintiff, was caused solely by, and as a result of the malicious, reckless, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the intentional and reckless manner in which said

7

defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

34.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

35.   Plaintiff did not resist arrest at any time during the above incidents.

36.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

37.   The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

38.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

39.   Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights.

8

40.   As a direct and proximate result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

41.   The plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

**(FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

44.   Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### SECOND CLAIM

**(FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)**

45.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or

9

reasonable suspicion that plaintiff (or any third person) had committed a crime.

47. Accordingly, defendants are liable to plaintiff for false arrest and unlawful search and seizure under New York State law.

## THIRD CLAIM

### (EXCESSIVE FORCE)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. The individual defendants' use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

50. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (ASSAULT)

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Among other things as described above, defendants' search and seizure, and use of force against plaintiff placed her in fear of imminent harmful and offensive physical contacts.

53. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## **FIFTH CLAIM**

### **(BATTERY)**

54.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55.  Among other things as described above, defendants' search and seizure, and use of force against plaintiff were illegal physical contacts.

56.  Accordingly, defendants are liable to plaintiff under New York State law for battery.

## **SIXTH CLAIM**

### **(FREE SPEECH UNDER FEDERAL LAW)**

57.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58.  Plaintiff exercised free speech during the incident by, among other things, telling the individual defendants that she had not committed a crime, that the officers were mistreating her and that the individual defendants were acting in an unlawful manner.

59.  Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to arrest, and prosecute her. Accordingly, defendants are liable to plaintiff under the First Amendment to the United States Constitution for violating plaintiff's right to free speech.

**SEVENTH CLAIM**

**(FAILURE TO SUPERVISE)**

60.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61.   The supervisor defendants are liable to plaintiff because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against plaintiff, and approved their unlawful actions.

**EIGHTH CLAIM**

**(DENIAL OF THE SIXTH AMENDMENT RIGHT TO A FAIR TRIAL)**

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   Defendants are liable to plaintiff because they created false information likely to influence a jury's decision and forwarded that information to prosecutors, violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under the Sixth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

**NINTH CLAIM**

**(42 U.S.C. § 1983 CONSPIRACY)**

64.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65.   Defendants are liable to plaintiff because they agreed to act in concert to inflict an unconstitutional injury; and committed

12

an overt act done in furtherance of that goal causing damage to plaintiff.

### TENTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.   The individual defendants arrested plaintiff in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

68.   Defendants are liable to plaintiff because they conspired against plaintiff based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiff of equal protection of the privileges and immunities under the law, and committed an act in furtherance of the conspiracy, which injured plaintiff.

### ELEVENTH CLAIM

### (ABUSE OF PROCESS)

69.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70.   Defendants are liable to plaintiff because they issued process with intent to harm plaintiff without justification, and perverted use of otherwise legal process to obtain a collateral objective.

## TWELFTH CLAIM

### (MONELL CLAIM)

71.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.    Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

73.    Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

74.    Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

75.    Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

14

76.   In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext, in order to meet productivity goals; (b) fabricating evidence against individuals; (c) using excessive force against individuals; and (d) retaliating against individuals who engage in free speech.

### THIRTEENTH CLAIM

### (RESPONDEAT SUPERIOR CLAIM)

77.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

79.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.


**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

15

   d. Such other and further relief as this Court may deem

    just and proper, including injunctive and declaratory

    relief.


DATED: New York, New York
    June 17, 2011

        MICHAEL O. HUESTON, ESQ.
        MICHAEL P. KUSHNER, ESQ.
        *Attorneys for Plaintiff*
        350 Fifth Avenue, Suite 4810
        The Empire State Building
        New York, New York 10118
        (212) 643-2900
        (212) 202-2634
        *mhueston@nyc.rr.com*
        *kushner.michael@gmail.com*

        By:

        /s

        _____
        Michael P. Kushner, Esq.

16